UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| WILLIAM BOGAN,<br><br>    Plaintiff,<br><br>         v.<br><br>NANCY A. BERRYHILL, Acting Social Security Commissioner,[1]<br><br>    Defendant. | Case No. CV 15-5981-DFM<br><br>MEMORANDUM ORDER AND OPINION |

Plaintiff William Bogan ("Bogan") appeals from the Social Security Commissioner's final decision denying his application for disability insurance benefits. The Court concludes that the Administrative Law Judge ("ALJ") did not err in relying on the testimony of a vocational expert ("VE") to find that Bogan could perform other work available in the national economy. The Commissioner's decision is therefore affirmed and the matter dismissed with prejudice.

---

[1] On January 21, 2017, Berryhill became the Acting Social Security Commissioner. Thus, she is automatically substituted as defendant under Federal Rule of Civil Procedure 25(d).

# I.
# BACKGROUND

Bogan applied for disability insurance benefits in June 2011, alleging that he became unable to work because of disability on June 1, 2010. Administrative Record ("AR") 272-73. The Commissioner denied Bogan's application. AR 131-35. Bogan requested a hearing; hearings took place on December 11, 2012, July 10, 2013, and February 3, 2014. AR 136, 33-121.

The ALJ concluded that Bogan was not disabled under the Social Security Act. AR 16-32. Applying the five-step sequential evaluation process, the ALJ found at step one that Bogan had not engaged in substantial gainful activity after June 1, 2010. AR 21. At step two, the ALJ found that Bogan had severe impairments of degenerative disc disease, cervical disc disease, status post right shoulder rotator cuff repair with residual pain, and obesity. AR 22. At step three, the ALJ determined that Bogan did not have a listed impairment. Id. The ALJ also found that Bogan had the residual functional capacity ("RFC") to perform a limited range of light work. Of relevance here, the ALJ found that Bogan was "precluded from reaching overhead with the right arm, but [could] occasionally reach in other directions" and had "no [such] restrictions on the left arm." Id.

After concluding that Bogan was unable to perform his past relevant work, the ALJ found—based on the VE's testimony—that Bogan could perform alternative jobs existing in significant numbers in the national economy. AR 26-28. These jobs were fundraiser, survey worker, and information clerk. Id.

# II.
# ISSUE PRESENTED

The parties present one issue: whether the ALJ properly determined that Bogan could perform the alternative work as a fundraiser, survey worker, and

2

information clerk, given the reaching restrictions on his right arm. See Joint Stipulation ("JS") at 5-22.[2]

### III.
### STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits. The ALJ's findings and decision should be upheld if they are free from legal error and supported by substantial evidence based on the record as a whole. Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). Substantial evidence means such relevant evidence as a reasonable person might accept as adequate to support a conclusion. Richardson v. Perales, 402 U.S. 389, 401 (1971); Lingenfelter v. Astrue, 504 F.3d 1028, 1035 (9th Cir. 2007). It is more than a scintilla, but less than a preponderance. Lingenfelter, 504 F.3d at 1035. To determine whether substantial evidence supports a finding, the reviewing court "must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." Reddick v. Chater, 157 F.3d 715, 720 (9th Cir. 1998). "If the evidence can reasonably support either affirming or reversing," the reviewing court "may not substitute its judgment" for that of the Commissioner. Id. at 720-21.

### IV.
### DISCUSSION

**A.    Relevant Proceedings**

At the third hearing, the ALJ asked the VE whether work existed in the national economy for an individual with Bogan's RFC—including the fact that with his dominant right arm, he could not reach overhead at all, but could occasionally reach in all other directions. AR 52-53. The VE identified three

---

[2] Citations to the Joint Stipulation use the CM/ECF pagination.

jobs: (1) fundraiser II (Dictionary of Occupational Titles ("DOT") 293.357-014), (2) survey worker (DOT 205.367-054), and (3) information clerk (DOT 237.367-018). AR 54.

The following exchange then took place:

> [Plaintiff's Attorney:] [I]f we take the same hypothetical that you just had . . . and describe the reaching as no substantial ability on the right in all directions, not just overhead – if we change that on the dominant, would it allow for the performance of the work you've identified?
>
> [VE:] No. . . . I'm just running through all the – the DOT titles here looking for reaching requirements, and it looks to be that they all have at least frequent reaching here at the – frequent or constant at the light level.
>
> . . .
>
> ALJ: This is only with one arm – this is only with one arm though.
>
> VE: Right.
>
> ALJ: So are we're talking about, essentially, a one-arm person –
>
> VE: Um –
>
> ALJ: – but only has the use of his non-dominant –
>
> VE: Oh, okay. I didn't understand. So inability to reach in all directions but with only one extremity?
>
> ALJ: With the right arm – am I – I don't mean to put words in your mouth. Is that what you said?
>
> [Plaintiff's Attorney:] Right. I've taken [the hypothetical] which included – with respect to the dominant – there was no limit on reaching at all on the left, if I remember correctly.

4

>VE: Mm-hmm.
>
>[Plaintiff's Attorney:] But with respect to the right, dominant arm, the original [hypothetical] had no reaching overhead –
>
>VE: Mm-hmm.
>
>[Plaintiff's Attorney:] – but all other directions occasional.
>
>VE: Okay.
>
>[Plaintiff's Attorney:] And so I'm simply applying all other directions, whether that's out front to any degree or overhead, reducing that to essentially zero.
>
>VE: Right.
>
>[Plaintiff's Attorney:] So we have –
>
>ALJ: I think I understand the hypothetical. Basically, we have a one-arm person with a non-dominant –
>
>VE: It's clear now, yes. . . . Then it wouldn't affect the jobs that I identified if the left upper extremity were not limited.
>
>ALJ: Even if it's non-dominant?
>
>VE: That is correct.
>
>ALJ: Okay.
>
>[Plaintiff's Attorney:] Okay.

AR 54-56.

In his decision, the ALJ discussed the VE's testimony that Bogan could perform the identified jobs despite his limitations. AR 27-28. The ALJ also noted that, "[p]ursuant to SSR 00-4p, the undersigned has determined that the vocational expert's testimony is consistent with the information contained in the [DOT]." AR 28. Based on the VE's testimony, the ALJ determined that Bogan was "capable of making a successful adjustment to other work that exists in significant numbers in the national economy." Id. The ALJ therefore found that Bogan was not disabled. Id.

**B.     Law**

At step five of the sequential evaluation process, the Commissioner must demonstrate that the claimant can perform work that exists in "significant numbers" in the national or regional economy, taking into account the claimant's RFC, age, education, and work experience. Tackett v. Apfel, 180 F.3d 1094, 1100-01 (9th Cir. 1999); 20 C.F.R. § 404.1560(c). In making a disability determination, the DOT is the primary source for "information about the requirements of work in the national economy." Massachi v. Astrue, 486 F.3d 1149, 1153 (9th Cir. 2007) (citing SSR 00-4p, 2000 WL 1898704, at *2 (Dec. 4, 2000)). The ALJ may also use VE testimony to obtain occupational evidence. Id.

When a VE's testimony presents an "apparent or obvious" conflict with a DOT occupation, the ALJ "must elicit a reasonable explanation for the conflict before relying on the [expert's] evidence to support a determination or decision about whether the claimant is disabled." SSR 00-4p, 2000 WL 1898704, at *2; Gutierrez v. Colvin, 844 F.3d 804, 807 (9th Cir. 2016). Failure to perform this step is procedural error. Massachi, 486 F.3d at 1153-54 & n.19. The Court may find the error harmless if the VE provided sufficient support for his conclusion that justified any potential conflicts. Id. at 1154 n.19.

**C.     Analysis**

According to the DOT, the jobs of fundraiser II (DOT 293.357-014), survey worker (DOT 205.367-054), and information clerk (DOT 237.367-018), all require frequent reaching. Although the job descriptions do not specify whether this reaching is bilateral, the Social Security Administration defines reaching as "extending the hand<u>s</u> and arm<u>s</u> in <u>any</u> direction." SSR 85-15, 1985 WL 56857, at *7 (Jan. 1, 1985) (emphasis added). Bogan argues that the ALJ failed to resolve conflicts between the DOT and the right-arm reaching limitation. JS at 7-15.

As the Ninth Circuit recently held, "not all potential conflicts between a [VE's] job suitability recommendation" and the DOT's job description "will be apparent or obvious," and the ALJ "need only follow up on those that are." Gutierrez, 844 F.3d at 807-08. Accordingly, "[f]or a difference between an expert's testimony and the [DOT] to be fairly characterized as a conflict, it must be obvious and apparent." Id. at 808. "This means that the testimony must be at odds with the [DOT's description] of job requirements that are essential, integral, or expected." Id. "[T]asks that aren't essential, integral, or expected parts of a job are less likely to qualify as apparent conflicts that the ALJ must ask about." Id.

Accordingly, the ALJ "must ask follow up questions of a vocational expert when the expert's testimony is either obviously or apparently contrary to the [DOT], but the obligation doesn't extend to unlikely situations or circumstances." Id. Thus, "where the frequency or necessity of a [job's] task is unlikely and unforeseeable . . . there's no [such] obligation." Id.

Here, the DOT defines the jobs identified by the VE as follows:

- Fundraiser II: "Contacts individuals and firms to solicit donations for charity or other causes: Confers with supervisor, or reads potential donor list, to determine which individuals or firms to approach. Contacts individuals and firms by telephone, in person, or by mail to solicit funds or gifts-in-kind. Takes pledges for amounts or gifts-in-kind to be contributed, or accepts immediate cash payments. May sell emblems or other tokens of organization represented. May write letter to express appreciation for donation. May arrange for pick-up of gifts-in-kind." DOT 293.357.014, 1991 WL 672578.
- Survey Worker: "Interviews people and compiles statistical information on topics, such as public issues or consumer buying habits: Contacts people at home or place of business, or approaches persons at random on

    street, or contacts them by telephone, following specified sampling procedures. Asks questions following specified outline on questionnaire and records answers. Reviews, classifies, and sorts questionnaires following specified procedures and criteria. May participate in federal, state, or local population survey and be known as Census Enumerator (government ser.)." DOT 205.367-054, 1991 WL 671725.

- Information Clerk: "Provides travel information for bus or train patrons: Answers inquiries regarding departures, arrivals, stops, and destinations of scheduled buses or trains. Describes routes, services, and accommodations available. Furnishes patrons with timetables and travel literature. Computes and quotes rates for interline trips, group tours, and special discounts for children and military personnel, using rate tables." DOT 237.367-018, 1991 WL 672187.

From these descriptions, it is neither obvious nor apparent that the essential, integral, or expected job requirements of any of these jobs would include overhead reaching. As the Ninth Circuit in Gutierrez noted, "[t]he requirement for an ALJ to ask follow up questions is fact-dependent." Id. Here, the VE identified three jobs that Bogan could perform despite his limitations. Absent an obvious or apparent conflict, the ALJ was entitled to rely on the VE's "experience in job placement" to account for "a particular job's requirements," SSR 00-4p, 2000 WL 1898704, at *2, and correctly did so here. Remand is not warranted.

///
///
///
///
///
///

# V.
# CONCLUSION

For the reasons stated above, the decision of the Social Security Commissioner is AFFIRMED and the action is DISMISSED with prejudice.

Dated: February 13, 2017

_____
DOUGLAS F. McCORMICK
United States Magistrate Judge